IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EAST OHIO CAPITAL, LLC, | ) | CIVIL ACTION NO: 2:23-CV-681 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| CITY OF PITTSBURGH ZONING | ) | |
| BOARD OF ADJUSTMENT, LASHAWN | ) | |
| M. BURTON-FAULK, individually, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

AND NOW, comes East Ohio Capital LLC, by through its counsel of record, Gregory H. Teufel, Esq., Robert Cowburn, Esq., and the law firm OGC Law, LLC, and bring and file the within Complaint, Pursuant to Section 1983 of the Civil Rights Act of 1963 and in support thereof aver as follows:

## PARTIES

1. Plaintiff East Ohio Capital, LLC is a Pennsylvania corporation in the business of real estate development with a principal place of business at 1207 Fifth Ave. #6211, Pittsburgh, PA 15219.

2. Defendant City of Pittsburgh Zoning Board of Adjustment (hereinafter the "Zoning Board") is a branch of the City of Pittsburgh Department of City Planning with an address of 200 Ross St., 3rd Suite 320, Pittsburgh, PA 15219.

3. Defendant Zoning Board is the adjudicative body responsible for review of land use proposals in accordance with the requirements of the City of Pittsburgh Zoning Code.

4. Defendant LeShawn M. Burton-Faulk is a competent adult individual residing at 1404 Juniata St., Pittsburgh, PA 15233.

## JURISDICTION AND VENUE

5. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiffs under the Constitution of the United States and the laws enacted in furtherance, thereof, including 42 U.S.C. § 1983.

6. This action is brought against the Defendants for violating Plaintiffs' rights under the Fifth Amendment of the United States Constitution and 42 U.S.C. § 1983.

7. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

8. Venue is proper under 28 U.S.C. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

## MATERIAL FACTS

9. In 2017, Plaintiff began plans to develop combined residential and commercial real estate located at 404, 406, and 408-410 East Ohio, Pittsburgh, PA 15212 ("the Real Estate"), owned by Plaintiff's partner, at that time, Northside Leadership Conference (hereinafter "NSLC").

10. The plan involved incorporating a six-foot (6') strip of land from the rear adjoining property, 706 Cedar Ave., Pittsburgh, PA 15212, owned by Plaintiff, into the properties located at 404-410 East Ohio at rear egress, which would require a planning commission hearing to change the lots and a zoning variance meeting to seek relief for a number of variances.

11. A hearing was scheduled for May 17, 2018 with the City of Pittsburgh Planning Commission seeking to redraw the property lot lines and seek the necessary variances of the aforementioned properties.

12. Defendant LeShawn M. Burton-Faulk was a member of the three-member Zoning Board panel which heard and allowed the request for redraw and variances.

13. At that time, Ms. Burton-Faulk was also a member of the NSLC Board of Directors.

14. Two residents of the neighborhood where the properties were located, Stephen Pascal and Chris Gates, attended the hearing and objected to the redraw and variances.

15. After submission of written proposed findings of fact and conclusions of law, the Zoning Board issued its final decision granting the redraw and variances on August 23, 2018.

16. Thereafter, Pascal and Gates initiated a lawsuit against the Zoning Board to prevent the property lot line redraw and variances raising in the course of litigation an issue of conflict of interest of Ms. Burton-Faulk for sitting on the Zoning Board panel which granted the variances while simultaneously sitting on the Board of Directors for NSLC, for whom the variance was awarded. See Pascal v. City of Pittsburgh Zoning Bd. of Adjustment., 259 A.3d 375 (Pa. 2021).

17. In Pascal, the Supreme Court of Pennsylvania agreed with Pascal and Gates contention of conflict of interest, citing clearly established law that "a governmental body charged with decision-making authority [is required] to avoid even the appearance of possible impropriety, and that no actual harm caused by the conflict need be established." Horn v. Twp. Of Hilltown. 461 Pa. 745 (Pa. 1975).

18. The Court in Pascal cited to the United States Supreme Court decision in In re Murchison, 349 U.S. 133, 136 (1955) (citing Tumey v. Ohio, 273 U.S. 510, 532 (1927)) holding:

> A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome… This Court has said… that "every procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear, and true between the State and the accused, denies the latter due process of law."

19. In holding for Pascal and Gates, the Court in Pascal explained that "[Burton-Faulk's] participation in ruling on the property of zoning application brought by an organization on whose board she sat at all relevant times so clearly and obviously endangered the appearance

3

of neutrality that her recusal was required under sell-settled due process principles that disallow a person to be judge of his or her own case or to try a matter in which he or she has an interest in the outcome." Pascal, 259 A.3d at 385 (citing Horn, 337 A.2d at 860).

20. The Court in Pascal reversed in part and remanded for a new hearing on NSLC's zoning application before a newly constituted panel of the Zoning Board without conflict.

21. The Zoning Board has yet to set schedule a new hearing as ordered by the Supreme Court of Pennsylvania.

22. There is no support at law requiring the objectors of an original hearing of a Zoning Board to consent to or express an intention to object to a new hearing that has been ordered by a court of appeals before the new hearing may be scheduled.

23. Such a requirement would amount to some kind of preemptory objection to a proceeding that has not yet happened.

24. East Ohio Capital no longer has any partners in the development project and owns 100% of the above-mentioned properties and bears 100% of the losses resulting from the project.

25. The conduct of Defendant Burton-Faulk in failing to recuse herself from the Zoning Board hearing on the zoning application from NSLC unjustifiably harmed Plaintiff East Ohio Capital.

26. The conduct of Defendant Zoning Board in failing to have a process to rehear the zoning application of NSLC, in compliance with the order from the Supreme Court of Pennsylvania, unjustifiably harmed Plaintiff East Ohio Capital.

27. To date, Plaintiff East Ohio Capital has suffered monetary losses in an amount of $130,277 as a result of Defendant Burton-Faulks' failure to recuse herself and Defendant Zoning Board's failure to have a process to rehear the NSLC zoning application as follows:

    a. Master Lease Expenses: $54,968

    b. NSCD Interest Expense: $13,776

    c. Slovak Interest Expense: $27,699

    d. Utilities: $2,760

    e. Taxes: $15,128

    f. Insurance: $15,946

28. In addition, Plaintiff East Ohio Capital has suffered monetary losses in an amount of $466,000 for depreciation in the value the Real Estate as a result of Defendant Burton-Faulks' failure to recuse herself and Defendant Zoning Board's failure to have a process to rehear the NSLC zoning application.

29. To date, Plaintiff East Ohio Capital has suffered lost revenues in an amount of $459,000 as a result of Defendant Burton-Faulks failure to recuse herself and Defendant Zoning Board's failure to have a process to rehear the NSLC zoning application as follows:

    a. Residential Rent: $223,568

    b. Commercial Rent: $235,440

30. To date, Plaintiff East Ohio Capital has legal expenses exceeding $20,000 as a result of Defendant Burton-Faulks failure to recuse herself and Defendant Zoning Board's failure to have a process to rehear the NSLC zoning application.

31. As a direct and proximate result of Defendant Burton-Faulk's failure to recuse herself from the Zoning Board hearing on the zoning application from NSLC, Plaintiff East Ohio Capital has suffered harm in the form of monetary damages which are continuing and continue to accrue, today.

## COUNT I:

## VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, § 1983 AND THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION DUE PROCESS

32. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth at length herein.

33. Plaintiff East Ohio Capital, LLC claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against defendants for violations of Plaintiff's Constitutional rights under color of law.

34. At all times relevant hereto, Plaintiff and its partners had the right to due process in the disposition of its zoning application.

35. As fully described above, Defendant Burton-Faulk prevented Plaintiff from its right to due process in the disposition of NSLC's zoning application when Defendant Burton-Faulk failed to recuse herself from the Zoning Board hearing, despite knowing that she sat on the board of NSLC, the petitioner of the zoning application.

36. As fully described above, Defendant Zoning Board prevented Plaintiff from its right to due process in the deposition of NSLC's zoning application by failing to have a means to rehear the zoning application with a panel having no conflict of interest, as ordered by the Supreme Court of Pennsylvania.

37. As a direct and proximate result of the acts above-mentioned, perpetrated by Defendants, Plaintiff East Ohio Capital, LLC has suffered, and continues to suffer, from the following injuries:

   a. Violation of Plaintiffs right to due process under the Fifth Amendment of the United States Constitution;

b.  Plaintiff suffered monetary losses from the inability to move forward with the real estate development project;

c.  Plaintiff suffered losses of revenue from vacant residential and commercial properties as a result of its inability to move forward with the real estate development project;

d.  Plaintiff has incurred legal expenses in relation to its inability to move forward with the real estate development project.

WHEREFORE, Plaintiff East Ohio Capital, LLC respectfully requests that this Court award damages and grant such further and other relief as this Court may deem proper.

Respectfully submitted,

**OGC LAW, LLC**

By: _____
Gregory H. Teufel, Esq.
PA Id. No. 73062
Robert Cowburn, Esq.
PA Id. No. 328198
1575 McFarland Rd, Suite #201
Pittsburgh, Pennsylvania 15216
(412) 253-4622
gteufel@OGCLaw.net
*Attorneys for Plaintiff East Ohio Capital, LLC*