IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EAST OHIO CAPITAL, LLC,       )
                              )
          Plaintiff,          )       2:23-CV-681
                              )
     v.                       )
                              )
CITY OF PITTSBURGH ZONING     )
BOARD OF ADJUSTMENT; and      )
LASHAWN M. BURTON-FAULK,      )
                              )
          Defendants.         )

## MEMORANDUM OPINION

**J. Nicholas Ranjan, United States District Judge**

This case is the result of years of litigation in state court over variances tainted by an alleged conflict of interest. Plaintiff East Ohio Capital LLC and its partner, the Northside Leadership Conference, applied for and were granted variances from the Pittsburgh Zoning Board of Adjustment in 2018. However, it turned out that one of NSLC's board members was also a member of the ZBA. After the variances were granted, there was a lengthy state-court appellate process that ended with the Pennsylvania Supreme Court finding a conflict of interest as to that board member (Ms. Burton-Faulk), and remanding the case to the ZBA for a new hearing without her. About two years later, the ZBA held that new hearing and granted the variances.

From this ordeal, East Ohio brings one claim against the ZBA and Ms. Burton-Faulk under 42 U.S.C. § 1983, alleging violations of its due-process rights under the Fourteenth Amendment. While styled as a single count, East Ohio really advances two distinct due-process violations. First, it alleges that the ZBA and Ms. Burton-Faulk violated its Fourteenth Amendment due-process rights by failing to "identify and eliminate" the conflict of interest when the ZBA granted the original variances in 2018. ECF 26, ¶¶ 54, 65. Second, East Ohio claims that the ZBA violated its due-

process rights by delaying in holding a new hearing for 21 months after it was ordered to do so by the Pennsylvania Supreme Court. *Id.*, ¶ 51.

Defendants move to dismiss, arguing that East Ohio's claim is time-barred and if not, that East Ohio fails to state a claim. After careful review, the Court agrees with Defendants. As to East Ohio's claim regarding the conflict of interest, the Court finds that that claim is barred by the two-year statute of limitations. East Ohio knew or had reason to know of the conflict of interest more than two years before filing this lawsuit. As to East Ohio's claim related to the later delay, that fails to state a claim. Months-long delays by an administrative agency are frustrating, but they do not rise to the high level of a constitutional violation. For these reasons, the Court will grant Defendants' motion to dismiss.

## BACKGROUND

Accepting as true the allegations in the amended complaint, East Ohio Capital LLC, along with its partner, the Northside Leadership Conference, were working together on a mixed-use development project on the 400 block of East Ohio Street. ECF 26, ¶¶ 12-13. As part of a redevelopment plan, East Ohio and NSLC planned to make changes to the property that required zoning variances. *Id.*, ¶¶ 26-27. NSLC sought the variances, with East Ohio's architect listed as the applicant on the variance requests. *Id.*, ¶¶ 29-30. The Zoning Board of Adjustment scheduled a hearing on May 17, 2018 to review the requests. *Id.* at ¶ 31. In May of 2018, LaShawn M. Burton-Faulk sat on the ZBA and NSLC's board. *Id.*, ¶¶ 33-34. East Ohio and NSLC prevailed at the ZBA hearing, and the ZBA issued the requested variances on August 23, 2018. *Id.*, ¶ 37.

Two residents of the neighborhood where the properties were located, who attended the hearing, filed an appeal on September 21, 2018, objecting to the ZBA's decision. *Id.*, ¶ 38. Among other objections, the residents alleged that Ms. Burton-Faulk's service on both boards created an impermissible conflict of interest. *Id.* at ¶

39.  The litigation made its way to the Pennsylvania Supreme Court, which held that there was a conflict of interest and remanded the issue to the ZBA for a new hearing. *Id.*, ¶ 46, 50.  The ZBA (without Ms. Burton-Faulk) held a new hearing in July 2023, *id.*, ¶ 51, and granted the variances about a month later.  ECF 41, 14:11-12.[1]

In its amended complaint, East Ohio brings one count under 42 U.S.C. § 1983, alleging that the ZBA and Ms. Burton-Faulk violated its Fourteenth Amendment due-process rights due to the conflict of interest and later delays.  East Ohio alleges that it has suffered significant monetary losses due to the delay between the first and second time the ZBA granted the variances.  ECF 26, ¶¶ 55-59.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Any reasonable inferences should be considered in the light most favorable to the plaintiff.  *See Lula v. Network Appliance*, 255 F. App'x 610, 611 (3d Cir. 2007) (citing *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989)).

## DISCUSSION & ANALYSIS

Although East Ohio's amended complaint only alleges one count, ECF 26, p. 9, it really brings two claims: (1) a due-process violation for conflict of interest; and (2) a due-process violation for the 21-month delay between the date the Pennsylvania Supreme Court issued its decision and the new zoning hearing where the variances

---

[1] The amended complaint does not allege when the ZBA granted these variances, but all counsel represented to the Court at oral argument that the ZBA did so in August 2023.  ECF 41, 14:11-12.

were granted.  As discussed below, both claims fail: the first based on the statute of limitations, the second for failure to state a claim.

## I.   East Ohio's claim based on the conflict of interest is barred by the statute of limitations.

East Ohio's first due-process claim concerns the conflict of interest.  That claim is barred by the two-year statute of limitations because East Ohio both knew and otherwise had reason to know of its asserted injury more than two years before filing this lawsuit.

"The length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).  In Pennsylvania, the statute of limitations for personal injury claims is two years.  42 Pa. Cons. Stat. § 5524.  "[T]he statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based." *Kach*, 589 F.3d at 634 (cleaned up).  The accrual date for federal claims is governed by federal law.  *McLaughlin v. Int'l. Bhd. of Teamsters, Loc. 249*, 641 F. Supp. 3d 177, 195 (W.D. Pa. 2022) (Stickman, J.).  Under federal law, the "standard rule is that a claim accrues when the plaintiff has a complete and present cause of action." *Gabelli v. S.E.C.*, 568 U.S. 442, 448 (2013) (cleaned up).  The cause of action accrues when the tort is completed, usually when the plaintiff is harmed.  *Kach*, 589 F.3d at 634.

The Third Circuit has stated that the accrual "of a cause of action occurs at the moment at which each of its component elements has come into being as a matter of objective reality, such that an attorney with knowledge of all the facts could get it past a motion to dismiss for failure to state a claim." *William A. Graham Co. v. Haughey*, 646 F.3d 138, 150 (3d Cir. 2011).  Under this rule, "a claim accrues—and the statute of limitations begins to run—when a violation or injury actually occurs." *McLaughlin*, 641 F. Supp. 3d at 195.  When the cause of action accrues "is an objective

-4-

inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach*, 589 F.3d at 634.

The "harm" here occurred when East Ohio and its partner, NSLC, obtained variances that were tainted by the conflict of interest. That is when the claim accrued. East Ohio knew or had reason to know about it at least by 2018. Indeed, the amended complaint expressly pleads that the objectors filed their statutory appeal on September 21, 2018, and expressly identified the conflict of interest as an issue. ECF 26, ¶¶ 38-39; ECF 41, 13:22-14:3. Moreover, it's not as if East Ohio didn't know about the appeal; its partner, NSLC, intervened in the appeal. ECF 26, ¶ 40 ("The NSLC intervened in the statutory appeal, urging to the Court of Common Pleas to affirm the Zoning Board's decision.").

In response, East Ohio doesn't dispute its actual or constructive knowledge of the conflict of interest, but rather argues that its claim couldn't accrue until the Pennsylvania Supreme Court's decision in 2021. According to East Ohio, "mere knowledge of an arguable conflict of interest does not give a party the right to file suit for deprivation of due process. Until the Pennsylvania Supreme Court's decision, East Ohio Capital did not possess a complete and present cause of action and it could not then have filed suit and obtained relief. Prior to then, there had been a formal Zoning Board process which had resulted in a favorable ruling, both the Court of Common Pleas and the Commonwealth Court had affirmed that ruling, and the Commonwealth Court had expressly rejected the argument that the process was tainted by Ms. Burton-Faulk's conflict of interest." ECF 32, pp. 4-5.

This argument, though, is a red herring. Just because the Pennsylvania Supreme Court didn't deem the conflict as a problem until later on, this doesn't alter the fact that East Ohio had a due-process claim for the conflict of interest before then.

East Ohio, it appears, just wanted to have its cake and eat it too—it knew of the conflict of interest that cast a shadow over its variances from the outset, but was

willing to let it go unchallenged since it inured to its benefit.  Only when the Pennsylvania Supreme Court found it to be a problem did East Ohio then challenge it.  East Ohio didn't have to wait until then to challenge the conflict of interest; it could have done so immediately, just as the objectors challenged it right away.  *See Robinson v. Cnty. of Allegheny*, 404 F. App'x 670 (3d Cir. 2010) (holding that claim accrued when the harm occurred, even though it wasn't acknowledged until a later judicial decision).[2]

Because East Ohio had a complete cause of action when the ZBA granted the variances tainted by the alleged conflict of interest, that was when the claim accrued.  *Gabelli*, 568 U.S. at 448.  Thus, because East Ohio did not file its first complaint until April 25, 2023 (more than two years thereafter), East Ohio's claim is barred by the statute of limitations.

## II.   The delay between the Pennsylvania Supreme Court's issuance of its opinion and the new zoning hearing is not a due-process violation.

East Ohio also complains that the 21-month delay between the Pennsylvania Supreme Court's decision and the new ZBA hearing rises to the level of a due-process

---

[2] *Robinson* is instructive.  There, the plaintiff, Ms. Robinson, brought claims under 42 U.S.C. § 1983 stemming from a child-abuse report on January 3, 2006.  *Id.*  Ms. Robinson administratively appealed the finding of abuse, and the appeal was granted and the finding of abuse reversed.  *Id.*  Ms. Robinson then filed a complaint in state court on July 2, 2009, which was removed to federal court.  *Id.* at 671-72.  The district court dismissed Ms. Robinson's complaint as untimely, holding that the two-year statute of limitations had run because the cause of action accrued on January 3, 2006 (the date of the original report).  *Id.* at 672.  On appeal, Ms. Robinson argued that her claim did not accrue until the order reversing the finding of abuse was adopted by the Pennsylvania Department of Public Welfare, Bureau of Hearings and Appeals on June 4, 2007.  *Id.*  The Third Circuit disagreed; it held that Ms. Robinson's claims were complete when the report of abuse was filed on January 3, 2006, because "it was at that time that [her] parent-child relationship was invaded" and that "[t]he invasion of her privacy interests occurred regardless of the truth or falsity of the report of abuse."  *Id.* at 673.  So too here.  The "truth or falsity" of whether Ms. Burton-Faulk's dual role constituted a conflict of interest is immaterial.  What is material is that she was on the ZBA and NSLC board when the variances were granted.  That is the harm, and thus that is the statute-of-limitations trigger.

violation. While, no doubt, frustrating, this sort of delay does not state a due-process claim.

To succeed on a procedural due-process claim like this one, a party must show that the procedures were inadequate. *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) ("To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." (cleaned up)). And, certainly, an extraordinarily long and intentional delay might be a telltale sign of that. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547 (1985) ("At some point, a delay in the post-termination hearing would become a constitutional violation."). But not here.

"The Due Process Clause requires provision of a hearing at a meaningful time." *Id.* (cleaned up). However, the mere allegation of delay in the course of state land-use or administrative proceedings is not sufficient to state a constitutional violation, *Ritter v. Cohen*, 797 F.2d 119, 124 (3d Cir. 1986), because generally delay alone does not give rise to a due process violation. *LXR RS V, LLC v. Municipality of Norristown*, No. 19-1397, 2019 WL 4930157, at *5 (E.D. Pa. Oct. 7, 2019). This is so because delay alone, if it really becomes a problem, can be remedied before the agency or in state court (*e.g.*, writ of mandamus); and, more pointedly, you can't make a federal case out of every local bureaucratic delay. *See Loudermill*, 470 U.S. at 547 (stating that "[t]he chronology of the proceedings set out in the complaint, coupled with the assertion that nine months is too long to wait, does not state a claim of a constitutional deprivation); *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005) (holding that allegations of a delay without an attempt to explain the cause of the delay were insufficient because the "key point" is that the delay must be unjustified); *LXR RS V,*

*LLC*, 2019 WL 4930157, at *5 (stating that if the delay became unreasonable, the plaintiff could file a petition for a writ of mandamus).

The Third Circuit, as well as other circuits, have made clear that procedural delays of a length comparable to the one alleged in this case (21 months) pass constitutional scrutiny. This Court reaches the same conclusion. *S. Allegheny Pittsburgh Rest. Enters., LLC v. City of Pittsburgh*, 806 F. App'x 134, 142 (3d Cir. 2020) (holding that a delay of 125 days for a post-deprivation hearing plus another 237 days for a decision did not violate procedural due process); *Ritter*, 797 F.2d at 124 ("[T]he mere allegation of a projected twenty-month delay by an agency, although hardly to be encouraged as a matter of administrative practice, does not state a constitutional violation."); *Givens v. U.S. R.R. Ret. Bd.*, 720 F.2d 196, 201 (D.C. Cir. 1983) (nineteen-month delay did not violate due process); *Frock v. U.S. R. R. Ret. Bd.*, 685 F.2d 1041, 1047 (7th Cir. 1982) (two-year delay did not violate due process).

## CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss.

Additionally, the Court will not grant leave to amend because amendment here is futile. The complaint was already amended once, and the bases for dismissal here are purely legal. "This is not a case where [East Ohio] has failed to plead sufficient facts and an amended pleading would give [it] the opportunity to do so. Rather, this is a case where [East Ohio] painstakingly listed out the facts, but the facts do not entitle [it] to relief." *Selig v. N. Whitehall Twp. Zoning Hrg. Bd.*, No. 17-4504, 2018 WL 1942510, at *7 (E.D. Pa. Apr. 24, 2018). Because East Ohio cannot plead additional facts to establish a basis for relief, amendment is futile. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (citation omitted)).

Therefore, the amended complaint will be dismissed with prejudice. A separate order follows.

DATE:  February 15, 2024                    BY THE COURT:

                                            /s/ *J. Nicholas Ranjan*
                                            United States District Judge